# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUN SUH LEE,<br>6401 Shellmound Street, Ap. #8322<br>Emeryville, CA  94608,<br><br>        Plaintiff,<br><br>v.<br><br>KIRSTJEN NIELSON, SECRETARY FOR THE DEPARTMENT OF HOMELAND SECURITY, IN HER OFFICIAL CAPACITY,<br>Nebraska Avenue Complex,<br>3801 Nebraska Avenue, NW<br>Washington DC 20016,<br><br>And<br><br>L. FRANCIS CISSNA, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, IN HIS OFFICIAL CAPACITY,<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529,<br><br>        Defendants. | Civil Action No.: |

## COMPLAINT FOR MANDAMUS RELIEF

Plaintiff Jun Suh Lee, by and through his attorneys, Seyfarth Shaw LLP, pursuant to Federal Rule of Civil Procedure 3, hereby files his Complaint against Defendants, Kirstjen Nielson, Secretary for the Department of Homeland Security, in her official capacity, and L. Francis Cissna, Director, United States Citizenship and Immigration Services, in his official capacity.

## I.   DESCRIPTION OF ACTION

1. This is an action brought by Plaintiff, Jun Suh Lee, to compel a decision on his Immigrant Petition by Alien Entrepreneur (Form I-526) submitted to United States Citizenship and Immigration Services ("USCIS") on May 20, 2016, which action has been unreasonably delayed well beyond USCIS' posted processing time estimates.

## II.   JURISDICTION

2. The District Court has subject matter jurisdiction under the Mandamus Statute, 28 U.S.C. § 1361. District Courts have original jurisdiction over any mandamus action to compel an agency, officer, or employee of the United States to perform a duty owed.

3. Here, the Defendants have failed to adjudicate the Plaintiff's Form I-526, Immigrant Petition by Alien Entrepreneur, in a timely and reasonable manner though they have a clear, non-discretionary duty to do so.

4. Additionally, the federal question statute confers jurisdiction over questions involving actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

5. Plaintiff's Complaint alleges an unreasonable delay by the Defendants in acting on a request for an immigration-related legal benefit – approval of classification as an Immigrant Investor – submitted in accordance with Federal Law, the Immigration and Nationality Act ("INA") § 203(b)(5)(C)(ii), 8 U.S.C. § 1153(b)(5)(C)(ii), and a remedy is authorized by the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 701 *et seq.*

6. The United States has waived sovereign immunity under 5 U.S.C. § 702.

### III.  PARTIES

7. Plaintiff Jun Suh Lee, a citizen of the Republic of South Korea, brings this action to compel the USCIS to adjudicate his Form I-526, Immigrant Petition by Alien Entrepreneur.

8. Defendant, Kirstjen Nielson, is sued in her official capacity as the Secretary of the Department of Homeland Security ("DHS"). Secretary Nielson is charged with implementation and enforcement of the INA, and in this position has ultimate decision-making authority over the matters alleged in this complaint.

9. Defendant L. Francis Cissna, is sued in his official capacity as the Director of USCIS. Director Cissna is responsible for the adjudication and processing of immigration-benefits requests, including Plaintiff's Form I-526.

### IV.  VENUE

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because the Defendants reside in the District of Columbia.

### V.  STANDING

11. The Plaintiff has Article III standing to sue.

12. Article III standing requires a plaintiff to have:

    (a) suffered an "injury in fact," *i.e.*, harm to a legally protected interest that is "concrete and particularized" and "actual or imminent";

    (b) that is "fairly traceable to" the challenged conduct; and

    (c) "likely to be redressed" by a favorable decision.

13. Here, the Plaintiff has suffered – and would further suffer – an injury in fact based on the unreasonable delay of USCIS in adjudicating his Form I-526, the injury is traceable to the delay, and a favorable decision from the Court would redress the injury.

## VI.  FACTUAL ALLEGATIONS

14. On May 20, 2016 Plaintiff filed his Form I-526 petition, and USCIS issued a Form I-797C, Notice of Action, confirming acceptance of the petition for processing and assigning to the petition receipt number WAC-169-04-74934.

15. The USCIS website provides processing times for various categories of nonimmigrant and immigrant visa petitions. According to the USCIS website, the estimated time range for a decision on a Form I-526 is 20.5 months to 27 months. U.S. CITIZENSHIP AND IMMIGRATION SERVICES, https://egov.uscis.gov/processing-times/ (last visited Mar. 6, 2019).

16. USCIS final adjudication of Plaintiff's Form I-526 is beyond processing times. By USCIS's stated processing times – even accepting the long range – the Agency could be expected to take action on a Form I-526 petition filed on May 20, 2016, such as that of the Plaintiff, by no later than August 20, 2018.

17. Plaintiff's Form I-526 has been pending approximately 33 months, and 15 days, i.e., 6.5 months longer than the maximum 27-month stated processing time posted by USCIS on its website.

18. Upon information and belief, other I-526 forms with a similar underlying basis and facts, *i.e.*, investing in the same project as the Plaintiff, filed *after* the Plaintiff's Form I-526, have been adjudicated, and indeed approved, by USCIS.

19. Upon information and belief, the Plaintiff is suffering, and will further suffer, injury in fact arising from the USCIS delay in adjudicating his Form I-526. The Plaintiff's ability to live, work, and remain in the United States hinges on the outcome of the Petition. Without a decision, he cannot know what the future holds for him either inside or outside of the

United States. He cannot know whether he has the legal ability to lay down roots in this country or whether he must return to South Korea. The uncertainty is causing the Plaintiff considerable stress and emotional distress, and interfering with his current and prospective employment opportunities.

20. The Plaintiff, through counsel, has submitted inquiries to USCIS on four (4) separate occasions requesting adjudication of the Form I-526, to no avail.

21. Upon information and belief, the delay in the Plaintiff's Form I-526 is consistent with a general slowing of processing times under the current Presidential administration.

22. A February 12, 2019 letter penned by Congress to Defendant L. Francis Cissna, notes that USCIS processing times have reached "crisis-levels." The letter provides:

> USCIS data for fiscal years 2014 through 2018 depict a 46% surge in overall average case processing time and a 91% increase since FY2014. In an April 2018 report to Congress, DHS identified a net backlog of 2,330,143 USCIS cases at the end of FY 2017, which is more than double the backlog reported after FY 2-16 and coincides with the first full year after President Trump took office.
>
> Letter from Members of Congress, to The Honorable Lee Francis Cissna, Director, U.S. Citizenship and Immigration Services (Feb. 12, 2019), https://chuygarcia.house.gov/sites/chuygarcia.house.gov/files/documents/2.12.19_final_letter_uscis_processing_delays.pdf (last visited Mar. 5, 2019).

23. The letter further provides:

> Clearly, policy changes implemented by the current administration in 2017 and 2018 have increasingly shifted the agency away from its service-oriented mission. Rather than continuing to seek ways to simplify and streamline its benefit-delivery systems, USCIS now appears more focused on erecting barriers to the benefits it administers, including by significantly delaying adjudications.
>
> *Id.*

## COUNT ONE
## BREACH OF DUTY TO TIMELY ADJUDICATE

24. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

25. Pursuant to 5 U.S.C. § 555(b), the Defendants owe the Plaintiff a duty to adjudicate his Form I-526, and Defendants have unreasonably failed to perform this duty.

26. Every day a decision is withheld deprives the Plaintiff of the clarity he needs to formulate future personal and career plans.

27. The Plaintiff has no other adequate remedy available for the harm he seeks to redress.

28. The Plaintiff brings this action to ensure that USCIS is not left with unfettered discretion to dispense with the non-discretionary duty to adjudicate his Form I-526.

29. Defendants have engaged in an unreasonable delay in processing Plaintiff's I-526 form.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

(a) Compel Defendants to take all appropriate action to adjudicate Plaintiff's Form I-526, Immigrant Petition by Alien Entrepreneur;

(b) Enjoin the Defendants from engaging in further unnecessary and unreasonable delay in adjudicating Plaintiff's Form I-526;

(c) Award the Plaintiff reasonable costs and attorney's fees; and

(d)     Award such further relief as the Court deems just and appropriate.

Dated: March 7, 2019                                        Respectfully submitted,

/s/ *Samantha L. Brooks*
Samantha L. Brooks, DC Bar No.: 1033641
Angelo A. Paparelli (to be admitted *pro hac vice*)
Steven J. Malm (to be admitted *pro hac vice*)
SEYFARTH SHAW LLP
975 F Street NW
Washington, DC 20004
sbrooks@seyfarth.com
apaparelli@seyfarth.com
smalm@seyfarth.com
(202) 463-2400 Telephone
(202) 828-5393 Facsimile
*Counsel for Plaintiff, Jun Suh Lee*